■ JOHN T. WHITE, Appellant, v ADRIENNE T. WHITE, Respondent.— Order, Supreme Court, New York County, entered November 28, 1977, which, *inter alia,* directed a reference to hear and report on whether there had been a breach of separation agreement between the parties with regard to a claim for alleged arrears in support payments, unanimously modified, on the law, without costs and without disbursements, to the extent of vacating the reference, and otherwise affirmed. Order, Supreme Court, New York County, entered on January 4, 1978, unanimously affirmed, without costs and without disbursments. In a separation agreement entered *into* between the parties on March 22, 1972, thereafter incorporated in a judgment of divorce, it was provided that the husband's alimony obligation was to be "computed on the basis of the Husband's 'Adjusted Gross Income' ". The agreement provided for annual minimum payments of $18,000 ranging up to annual maximum payments of $40,050. The agreement further provided that the term "Adjusted Gross Income" shall be deemed to mean the

"Adjusted Gross Income of the Husband for the applicable year as the same is defined under and in accordance with the Internal Revenue Code of 1954, as amended, and the Rules and Regulations of the Internal Revenue Service relating thereto" with a single exception not here relevant. It thereafter came to the attention of the defendant wife that the husband utilized tax shelters, the effect of which was to substantially reduce his adjusted gross income. By order to show cause and an independent plenary action she sought recovery of alleged alimony arrears claiming that these tax shelters represented a violation of the agreement. The reference here vacated directed an inquiry into the facts and circumstances surrounding the so-called tax shelters and proceeded on the assumption that this was a viable claim. The agreement in question, which bears every indicia of being the result of careful negotiations, specifically spelled out the meaning of "Adjusted Gross Income." There is no suggestion that the tax returns in question do not fully comply with that definition. Accordingly, the claim for arrears based upon a violation in that respect has no merit and the reference directed with regard to that issue is not needed. Other provisions of the agreement provide in pertinent part that the husband had the option of deciding whether to send any of the children to a private college and if he decided to do so, the right to participate in the selection of the school. As to his son Bradley, the record is clear that the husband had selected a college to which Bradley was preparing to go when these proceedings commenced and which he in fact has since attended. In affirming the part of the order below that directed the husband to pay the sum with regard to tuition and expenses already incurred in connection with Bradley's attendance at college, and to pay "all of the costs of the college education" of that son, a majority of this court believes it appropriate to note that we do not understand the order affirmed to be a direction to pay all tuition and expenses for Bradley for the rest of his college education, regardless of future developments. As to the order entered on January 4, 1978, we are in agreement that the factual presentation with regard to the college education of the daughter of the parties Kim, poses an issue that merits the reference. Concur—Silverman, J. P., Evans, Fein, Lynch and Sandler, JJ.