■ JOHN T. WHITE, Appellant-Respondent, v ADRIENNE T. WHITE, Respondent-Appellant.—Appeal and cross appeal from the order of the Su-

preme Court, New York County, entered June 20, 1978, which, *inter alia,* directed the plaintiff to pay tuition costs of $6,665 for his daughter, Kim, for the 1977-1978 school year, held in abeyance and matter remanded to the trial court for appropriate factual findings as directed by this memorandum decision. Upon the prior appeal, we directed a reference as to whether the plaintiff was responsible for the college tuition of his daughter, Kim (61 AD2d 939, 940). After trial on that issue, the court found that it was the obligation of the plaintiff to pay the full tuition costs until Kim reached the age of 22. The court further found that plaintiff was responsible for the full costs of the semester that had been started one month before Kim reached her 22nd birthday. This decision was apparently grounded upon the court's interpretation of paragraphs 7 and 12 of the separation agreement. However, during trial, the plaintiff testified that, in 1976, he and the defendant had agreed to share tuition expenses. The plaintiff's testimony in this regard is substantiated by the fact that the parties did split tuition costs in the 1976-1977 period. Kim also testified that each parent was supposed to pay one half of the tuition costs. The defendant admitted that she had split the tuition costs in the 1976-1977 period. However, she maintained that she had misunderstood the terms of a stipulation made in the Family Court on September 2, 1975. Under that stipulation, the parties agreed to split tuition costs for the period September, 1974 through May, 1975. It was defendant's contention that she made tuition payments in the 1976-1977 period because she erroneously believed the 1975 stipulation required her to do so. In its decision, the trial court did not even comment upon whether an oral agreement was made between the parties in 1976 to split the tuition costs. The court should have found whether the parties entered into such an oral agreement, and if they did so, the exact terms of that oral agreement. In particular, the court should have found whether the parties agreed to share tuition costs (i) on a year-to-year basis, or (ii) until Kim reached her 22nd birthday, or (iii) until Kim, at any age, completed college, or (iv) under a different time limitation than those recited above. Moreover, the court did not mention in its decision whether the plaintiff, pursuant to paragraph 12 of the separation agreement, had previously approved Kim's attendance at (i) the New School, or (ii) Hunter College, or (iii) New York University. In a nonjury case, the trial court is required to state in its decision "the facts it deems essential" to its determination (CPLR 4213, subd [b]; *Matter of Jose L. I.,* 46 NY2d 1024). The trial court in this case has failed to answer the critical questions enumerated in the preceding paragraph, as well as many other questions whose answers are essential to intelligent appellate review. Therefore, this matter must be remanded to the trial court for appropriate factual findings. Pending the receipt of those factual findings, this appeal and cross appeal will be held in abeyance *(City of Niagara Falls v Young Transp.,* 41 AD2d 899). Concur—Murphy, P. J., Sullivan, Bloom, Lupiano and Ross, JJ.